Per. Curiam.
This is a scire facias reciting a decree of this court, directing a sum of money to be paid by Richardson to the then complainant, Carson, partly in his own right and partly as executor of James King, deceased; to be levied of the estate of Richardson, and, if not sufficient, then so much as shall remain to be levied of the estate of William King, deceased, in the hands of Henderson, the administrator. Since which decree, part of said moneys have been satisfied out of the estate of Richardson, leaving a part still unsatisfied. Stating also the death of Carson since the decree, leaving a last will, in which he appointed Smith, Russel, and * Claiborne his executors, of whom Claiborne alone hath qualified. The sci. fa. is for the defendants who were parties to the original bill to show cause why said judgment and execution should not be revived. Richardson and Henderson demurred; and now their counsel take several objections, which the court will consider seriatim. First,- it is argued that the sci. fa. should have stated the sum paid, and the balance yet due. Answer: the judgment on the scire facias can only be that the plaintiff may have execution. The record shows for how much it ought to issue. And the defendants, in a plea, might have stated what sum has been paid, if they thought proper. No inconvenience can arise from a sci. fa. in the form this hath issued. Secondly, it is said here are three executors plaintiffs, and but one hath qualified. Answer: those who have not renounced ought also to be *190 named; otherwise, judgment could only be for him who had qualified; whereas, in the interim, before judgment, the others might qualify, and yet would have no control over the judgment; whereas, if all be named at first, and some qualify afterwards, all those who are qualified may proceed to execution, and the receipt of the money. If all are not named at first, then, in case of an intermediate qualification, the proceedings must be delayed till new process issues to make them parties, which would be productive of great inconvenience. Thirdly, another objection is, that a judgment to have execution thereof ought to be on motion, or bill of revivor, and not by sci. fa. . Answer: a sci. fa. is certainly more advantageous for a defendant than a motion. He will know better how to defend himself by seeing previously what he is called upon to show cause against; and besides, a sci. fa. will show more clearly than a motion will, when put on record, the ground on which the court orders that the plaintiff may have execution. The bill of revivor will also answer the purpose; but it is not preferable to the sci. fa. where * the plaintiff dies, for, whether one mode or the other be resorted to, the executor is simply to stand in the place of the testator. His right to do so can be as plainly stated in the sci. fa. as in the bill of revivor. Where a defendant dies, a bill is preferable to the sci. fa., for a new fact is then to be stated, namely, assets in the hands of the executor. Then there ought to be a bill of revivor and supplement. Formerly a subpoena scire facias issued, and not a sci. fa. simply. For the decree of the court in England, being not a court of record, debt will not lie upon it, and therefore a sci. fa., which is a writ issuing upon the foundation of a record, cannot lie, but only a subpoena in the nature of a sci. fa. But by our act of 1787, and 1801, our Court of Equity is a court of record, and therefore a subpoena in the nature of a sci. fa. is no longer proper, but the sci. fa. itself. Debt will lie upon a decree of our Court of Equity. The execution of the decree is to be enforced by common law process, the same that is used upon judgments at law. It is stated in Cooper’s Equity Pleading, 72, that decrees are not usually enrolled, and that therefore the process of subpoena scire facias is not much used. All our decrees are enrolled the same term in which they are finally made, for they are signed by the judges in the book in which the clerk records them, and that is an enrollment; and therefore the same cause for the dis *191 use of this process does not exist here as in England. An executor who qualifies in Virginia may sue here by our acts of Assembly. If a defendant think proper to contest the fact of executorship, he has it in his power to do so by putting in the proper plea. All the objections are unavailing; therefore let the plaintiff have judgment, that he may take out execution.
Chancery Court a court of record, see Cox v. Cox, 2 Yer. 305; Wray v. Williams, 2 Yer. 302; University v. Cambreling, 6 Yer. 79; Dibrell v. Eastland, 3 Yer. 533. See King’s Digest, 2100, 9828, 10,675.